J. Owen Murrin, (75329)
Murrin Law Firm
7045 E. Los Santos Drive
Long Beach, CA 90815
(562) 342-3011
(562) 724-7007 / Fax

Attorney for Plaintiff
LAURA D. SATERBAK

# UNITED STATES DISTRICT COURT

## OF CALIFORNIA-SOUTHERN DISTRICT

| | |
|---|---|
| LAURA D. SATERBAK,       ) | **CASE NO.:** 15CV0956 WQHNLS |
|                        ) | |
|           Plaintiff,      ) | *Honorable William Q. Hayes* |
|                        ) | |
|      vs.                  ) | **LAURA SATERBAK'S** |
|                        ) | **OPPOSITION TO** |
|                        ) | **DEFENDANTS' MOTION TO** |
| NATIONAL DEFAULT SERVICING ) | **DISMISS** |
| CORPORATION; SELECT       ) | |
| PORTFOLIO SERVICING, INC.,   ) | |
| and DOES 1- XXX          ) | **DATE: July 20, 2015** |
|                        ) | **DEPT: 14B** |
|          Defendants.      ) | **Time: TBD** |
| _____ ) | |

Comes now Plaintiff, Laura Saterbak and hereby submits her opposition to Defendants' Motion to Dismiss Pursuant to Federal Rules of Civil Procedure Rule 12(b)(6).

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES   1

   I.  INTRODUCTION   1

   II. STATEMENT OF FACTS AND ARGUMENT   4
(In order raised by moving party, addressing issues and
matters raised)

   a.     The Complaint Contains Sufficient Facts And   5
   Meets The Standard Of The Law
   1.  Summary and Simplified  Version of Plaintiff's  Case   7

   b.     The First And Second Causes Of Action State   10
   FDCPA Claims

   c.     The Third Causes of Action for cancelation is sufficient   11

   d.  The Fourth Cause of Action For Both Fraud And   12
      Deceit Are Sufficient

   e.  The Fifth Cause of Action For Wrongful Foreclosure   13
      Is Sufficient

   f.  The Sixth Cause of Action for Declaratory   14
      Relief Is "Viable"

   g.  The Seventh Cause of Action for Interference   17
      With Contract And Prospective Business Relations
      Is Sufficient.

   h.  The Eighth Cause of Action for Rescission Is Promoted.   17

   i.  The Ninth Cause Of Action For Violation Of   18
      Deceptive Trade Practice Act Is Sufficient.

# TABLE OF CONTENTS

**Page**

j.  The Tenth Cause of Action For Injunctive Or Equitable       18
    Relieve It Is Appropriate.

k.      The Eleventh Cause Of Action For California
        Homeowner's Bill Of Rights Is Sufficient.

l.  The Twelfth (Regulation X of RESPA and Regulation Z of       20
    TILA),Thirteenth (Violation of 12 C.F.R. §1024.36(d)(2)(B)),
    Fourteenth (Violation of 12 C.F.R.§1024.36(d)(a)(i)(ii)), Fifteenth
    (Violation of 12 C.F.R. §1024.36(c)(3), Sixteenth (Violation of 12
    C.F.R.   §1026.3), and Seventeenth (Violation of 12 C.F.R.
    §1024.35(e)(1)(A)) Causes of Action are sufficient.

m. The Eighteenth Cause Of Action For Negligence                 22
    Is sufficient.

n.  The Nineteenth Cause Of Action For Violations                23
    Of Business And Professions Code 17200 Is Sufficient.

o.  The Twentieth Cause Of Action For Demand                     24
    For Accounting Is Appropriate.

p.  The Twenty-Frist Cause Of Action For Violation               24
    Of 11 U.S.C. Section 1691(D)(1) Is Sufficient

III. CONCLUSION                                                   25

# TABLE OF AUTHORITIES

**Page**

*Akao v. Shimoda*, 832 F.2d 119, 120 (9th Cir.1987) ..... 7

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ..... 5

Baikanja v. Irving (1958) 49 Ca. 2d 647 ..... 22

*Barrionnuevo v. Chase Bank* (N.D. Cal. 2012), ..... 13
885 F. Supp. 2d 964, 972)

*Braom v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003) ..... 5

*Bell Atlantic v. Twombly*, 550 U.S. 544, 550 (2007) ..... 5

*Cockerell v. Title Ins. & Trust Co.,* 42 Cal.2d 284, 292 (1954), ..... 16

*Conley v. Gibson*, 335 U.S. 41, 48 (1957) ..... 6

*Dimock v. Emerald Properties LLC* (2002) 81 Cal App 4th 686, 875 ..... 15

*Doe v. United States*, 419 F.3d 1058, 1062 (9th Cir. 2005) ..... 7

*Fontenot v. Wells Fargo Bank,* 198 Cal.App.4th 256, 270 (2011), ..... 16

*Glaski v. Bank of America,* (2013) 218 Cal. App. 4th 1079. ..... 15

*Hall v. Santa Barbara,* ..... 5
833 F.2d 1270, 1274 (9th Cir. 1986)

*Harris v. Amgen, Inc.*, 738 F.3d 1026, 1035 (9th Cir. 2013) ..... 7

*Jolley v. Chase Home Finance, LLC* (2013) 213 Cal.App.4th 872, 902 ..... 22

*Livid Holdings Ltd. v. Salomon Smith Barney, Inc.,* ..... 7
416 F.3d 940, 946 (9th Cir. 2005)

*Maya v. Centex Corp.*, 658 F.3d 1060, 1067-68 (9th Cir. 2011) ..... 5

*Neptune Society Corp. v. Longanecker,* ..... 16
194 Cal.App.3d 1233, 1242 (1987)

*North Star Int'l v. Arizona Corp. Comm'n,*                                        5
720 F.2d 578, 581 (9th Cir. 1983)

Sanens v. Los Angeles Finance Co (1949) 91 Ca App.2d 197, 202          15

*Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)                                     6

*Skinner v. Switzer*, 562 U.S. 521, 131 S. Ct. 1289, 1296 (2011)           5

*Twombly*, 550 U.S. at 555                                                                5

*Williams v Gerber Products*, 552 F.3d 934, 938 (9th Cir. 2009)          6

**STATUTES**

Fed.R.Civ.P. 12(b)(6)

Fed. R. of Civ. P. at Rule 57 and 28. U.S.C. 220                              14

Cal. Civ. Code See Cal. Civ. Code §2924.12(a)                               19

Civ. Code 2924.12(c)                                                              19

28 USC § 2605 (c)                                                                 20

12 CFR § 1024.36                                                                  21

**MEMORANDUM OF POINTS AND AUTHORITIES**

## 1. INTRODUCTION

Defendants premise their Memorandum to dismiss on the assertion that the homeowner is asking for a free home claiming Plaintiff "boasts" about her non-payment since 2008. That is absurd. Instead, the record shows her alleging that the lender, its assignees or interlopers are committing various irregularities, illegalities, and misrepresentations and/ or engaging in the faulty administration of this alleged loan on her home. The record describes her trying to obtain answers, defending her title, and seeking to obtain justice while dealing with the likes of the Defendants, who claim to be the agents, servicers and or collectors of the alleged loan Plaintiff took out in 2007 and who were engaged in employing the California non-judicial foreclosure process against her. She has been pointing out the defective features of the 2007 deed of trust which is found in the title records. She has an aversion against letting these Defendants and their predecessors act without proper authorization or privity, and therefore enabling them to profit by trying to take over her property through an unjust utilization of the California non-judicial foreclosure process. She is described in the record (the complaint) as the kind of person willing to work things out including offering to pay the right party if they would identify themselves and satisfy her as to their rightful and lawful authority to represent the lender or its assigns and be able to hold her harmless against others that might come on the scene later. Defendants are not the first to come upon the scene and try to extort payment out of her that did not have authority. These parties then, and Defendants now, have failed to come forward and produce the necessary evidence of authority and privity. The time has passed for them to be able to do this.[1] In her attempt to reach a final

---

[1] One of the basic tenants of foreclosure law is that the foreclosing party must have an ownership interest in the debt securing the house that is to be foreclosed upon. There is no reason to depart from this fundamental premise where foreclosure proceeds non-judicially.

remedy, Plaintiff has been at this for over seven years, doing many things, including submitting multiple applications for loan modifications and requesting Defendants' proof of authority and privity. The issue is not Plaintiff's standing, but Defendants standing and authority to act against Plaintiff's property rights and their failure to act within the time allowed by the statute of limitations. A homeowner should have the right to challenge and/or bring claims including claims against parties whose rights are time barred and/ or including bringing claims against an interloper or speculator coming on to her property. This Plaintiff, should be able to do so, just as any property owner has the right to protect themselves against the wrongful invasion of their property interest in other contexts, say upon such a parties' attempt to prevent and sue for trespass.

Recognizing wrongful foreclosure actions to challenge foreclosures by the wrong party, such as those resulting from allegedly void debt assignments, is sound policy because it empowers homeowners to protect themselves against "fast and loose" foreclosure practices, incentivizes the mortgage industry to exercise due diligence in the foreclosure process, and helps avoid the confusion and unfairness that would result from more than one party having the power to foreclose. A contrary rule would lead to an untenable situation, one that appears to have developed in the California foreclosure process and one that the Defendants or its principals were trying to take advantage of in this case and that is, where anyone can foreclose on a homeowner because a broad right to bring them has been allowed.

This case is really about a secretive funder, and its questionable successor trying to get a foothold into Plaintiff's property by using California's non-judicial foreclosure process rather than instituting their own legal process to have themselves declared the proper secured party, if they could do that. They have chosen not to do the proper thing within the time permitted under the statute of limitations. They

PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS

should not be able to use the foreclosure process. A timely action to properly correct the record or institute their own legal proceeding should have been done to perfect their interest in the security on the property. These defendants or their principal could have instituted their own proceeding within the statute of limitations to have the matter remedied, but for reasons personal to themselves (and perhaps involving questionable legal conduct on their part) instead, they did not. Rather, these defendants or their principal are relying upon their ability to take advantage of the non-judicial mortgage and foreclosure laws, thru this motion to dismiss, as a means of taking over Plaintiff's residence and home. They think they can avoid addressing the Statute of Limitations by ignoring it on the belief that it does not apply to non-judicial foreclosure actions. Defendants should not be allowed to do this. If that happens it will then be them, the undeserving party, "boasting" about how they were able to take the property without right or authority to do so and through a defective link connecting them to the property and beyond the statute of limitations. If one of the two parties in this action is to obtain an advantage or benefit, it should be the homeowner, not an unperfected speculator who is nothing more than a legal interloper wanting to profit from circumstances it has no right to.

Plaintiff was originally victimized by being misled by the persons masquerading as her lender and/or servicer. In late 2008, Plaintiff requested a modification. She was told her account needed to be three months behind before the Lender would consider a loan modification. At this point in time, her home was underwater and appraised at almost half the value of the alleged note. Based upon that information, she withheld payments for three months. Subsequently the Lender and Servicer refused to help and abandoned her. She was left to her own resources. This is when she discovered she was dealing with an "illusory" lender and an impotent servicer. After even further inquiry, she discovered that the security on

PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS

the property in the form of a deed of trust was not perfected by a proper party in existence, and was defective. Presently the Defendants in this case are taking orders from some Principal somewhere that is yet to prove a legal connection to this property. It appears the Principal is just a speculator that wants to make a profit by manipulating the legal system through the non-judicial foreclosure process. That should not be allowed. There is no incentive to work with this homeowner, only an incentive to take the property over and kick her out of her home. That cannot be allowed without proof that these Defendant have legitimate rights and have followed proper procedure not mere speculators, as is believed to be the case.

With the passage of time Plaintiff has uncovered what appears to be intentional patterns of deceit or massive uncorrected irregularities resulting in many improprieties such that the equities have switched to Plaintiff. Plaintiff, therefore seeks the assistance of the court to obtain remedies for the many wrongs this case encompasses and to rid herself of these and similar future Defendants (interlopers and speculators). These Defendants and their principal are among the ranks of the parties responsible for wrecking the residential mortgage industry and they should not be able to get away with what they are doing without showing lawful authority and proper privity. If anyone should suffer, it is them, the Defendants or their principal, not the homeowner. This case exposes Defendants (and/or their principal) to violations of rights that Congress, the government, the legal system, and justice affords homeowners. Plaintiff is entitled to her day in court.

## II. STATEMENT OF FACTS AND ARGUMENT (In order raised by moving party, addressing issues and matters raised)

A motion to dismiss is a disfavored legal maneuver. The facts and inferences are to be construed in favor of the non-moving party which in this case is Plaintiff, Laura Saterbak. A motion to dismiss under Fed.R.Civ.P. 12(b)(6) only tests the

complaint's sufficiency. See *North Star Int'l v. Arizona Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). Rule 12(b)(6) motions are "viewed with disfavor" and "rarely granted." *Hall v. Santa Barbara*, 833 F.2d 1270, 1274 (9th Cir. 1986). "Rule 12(b)(6) motions are viewed with disfavor." *Braom v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003). The standards for a motion pursuant to Fed.R.Civ.P. 12(b)(6) are well settled. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that a defendant has acted unlawfully." *Bell Atlantic v. Twombly*, 550 U.S. 544, 550 (2007). In determining whether a claim is facially plausible, courts must: (1) credit the complaint's factual assertions; and (2) determine whether the complaint alleges facts that plausibly entitle plaintiff to relief. See *Maya v. Centex Corp.*, 658 F.3d 1060, 1067-68 (9th Cir. 2011). Plausibility "is not akin to a 'probability requirement,'" rather, it requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). See also *Skinner v. Switzer*, 562 U.S. 521, 131 S. Ct. 1289, 1296 (2011), "[U]nder the Federal Rules of Civil Procedure, a complaint need not pin plaintiff's claim for relief to a precise legal theory".

     a.     **The Complaint Contains Sufficient Facts And Meets The Standard Of The Law**

As noted above, the facts set forth in this complaint are sufficient to state the causes of actions set forth. Defendants are critical of the length of Plaintiff's Complaint and claim it is not specific enough or too conclusory. That is false. The case contains plenty of specifics and is not too conclusory if they would take the time to read it and especially review paragraphs 8-58, in addition to the specific allegations tailored for each cause of action. There is a balancing act that goes into

PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS

formulating a complaint and Plaintiff has hit the sweet spot between too many facts and not enough. It is unnecessary and impossible to re- state all the factual allegations in this Memorandum over again.  Pleading is not an exact science and Plaintiff only needs to put Defendant on Notice.  "The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 335 U.S. 41, 48 (1957). "Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests," *Twombly*, 550 U.S. at 555. To satisfy Rule 8(a)(2), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678.

A well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely". *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). Further, factual disputes are not to be considered on a Rule 12(b)(6) motion to dismiss/ *Williams v Gerber Products*, 552 F.3d 934, 938 (9th Cir. 2009), citing to 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356.

At this stage in the proceedings, the Pleadings are to be liberally construed in favor of the pleading party.  In evaluating a Rule 12(b)(6) motion, the court should "construe the complaint in the light most favorable to the plaintiff, taking all . . . allegations as true and drawing all reasonable inferences from the complaint in [plaintiff's] favor." *Doe v. United States*, 419 F.3d 1058, 1062 (9th Cir. 2005). "[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a

PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS

court may take judicial notice. . .We then determine whether the allegations in the complaint and information from other permissible sources "plausibly suggest an entitlement to relief." *Harris v. Amgen, Inc.*, 738 F.3d 1026, 1035 (9th Cir. 2013). Dismissal is inappropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim entitling plaintiff to relief." *Livid Holdings Ltd. v. Salomon Smith Barney, Inc*., 416 F.3d 940, 946 (9th Cir. 2005). A pro se complaint should be dismissed only if it is "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Akao v. Shimoda*, 832 F.2d 119, 120 (9th Cir.1987).

Suffice to say there is enough in the complaint to put Defendants on plenty of notice of clear violations under the federal and state law. If Defendants want to be an ostrich and put their heads in the sand, that is their prerogative. Defendants and or their counsel are good at generalizing and throwing mud at homeowners. That is what their motion to dismiss is and what they do as a firm. And this motion is a generic boilerplate motion applicable to homeowners at large. It fails to address Ms. Saterbak's unique, individual facts, and circumstances she sets forth in her complaint including the defective security she points out and the other deficiencies surrounding Defendants use of the foreclosure process set forth in her Complaint.

## 1. Summary and Simplified Version of Plaintiff's Case

Without attempting to cover in detail what is set forth in the complaint detail, but for purposes of refreshing the courts memory of the contents of the Complaint, Plaintiffs reiterate that the essence of the complaint is based upon the funder's failure to perfect its interest in her property in any valid enforceable security. Recall this is a case mainly about the deficiency in the security, **not** the note itself. The security is known as the Deed of Trust ("DOT"). It is set forth as the Deed of Trust, at Dkt

7

1-4, at page 15, also Defendants, Exhibit A, pursuant to a request for judicial notice, which Plaintiffs do not oppose, and Exhibit 12 where Defendants predecessor presumably assigns its interest to a securitized trust. The assignment is referenced at ¶¶ 8 and 22 (2) of the Complaint, respectively. Yet, the complaint clearly challenges the validity and enforceability of these documents with detailed explanations and support. See ¶¶ 16, 20, 22, 23-26, as well as surrounding paragraphs, allegations and exhibits. The gist of the complaint which should be quite obvious by reading the Complaint and the deed of trust is that the rights under the deed of trust were never perfected by any company or entity then in existence. It was placed in a company, supposedly the mortgagee, American Brokers Conduit ("ABC"). As such no one had any enforceable rights. In essence the placement of security on the property was botched from the beginning unless someone can take though ACB and produce such an assignment. At the very least, if the present defendants claim privity or authorization from ABC, they, or their principal, should have come forward by now to show they had the right to step into the shoes of ABC and or had some other basis that entitled them to enforce this deed of trust. They should have done that before the statute of limitations expired. They did not do that. They do not even address how they have any rights once claims are time barred other than claiming statutes of limitations do not apply to prevent non-judicial foreclosures. But once a person's rights are time barred so are the underlying claims to be able to support. Setting aside the statute of limitations, it t is believed Defendants also have no right to proceed to foreclose here because of a number of other significant reasons, including the fact that ABC, was an illusory company, ABC never had the right to conduct business in the state of California, , the underlying security instrument was defective as was the assignment to successors. (See ¶ 24 and (n) at pg. 12 of the Complaint). It is alleged in the complaint that

PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS

.

ABC's probable mother company went bankrupt further necessitating an order of the bankruptcy court or a trustee approving any assignment before rights could be assigned. No such order has been produced. Id.

What Plaintiff has alleged and is the case, is that a speculator picked up the alleged lien on the property hoping to profit by attempting to enforce it utilizing the California non-judicial foreclosure to take the property fully knowing or taking the risk that it did not have proper privity and authorization to rightfully and properly step into the shoes of ABC or its successor or assigns. Indeed this motion to dismiss is based upon the right of an interloper to use non-judicial procedures to make up for known deficiencies that should stop anyone in the tracks when it comes to dispossessing a homeowner like this. The court should not buy into this poor investment model to make them rich at homeowner's expense. It is true the deed of trust has language that allows the Note to be assigned, but that power does not eliminate Plaintiff's right to challenge an invalid assignment. To the contrary, Saterbak has the "right to bring a court action to assert the non-existence of a default or any other defense of Borrower to accelerate and sale." See clause 22 of the deed of trust, found at Dkt at 3-3 page 61 of Plaintiff's Exhibit 59 or Defendants Exhibit A. The key here is that that clause specifically gives Plaintiffs the right to "bring a court action to assert the non- existence of default." And that is what Plaintiff has rightfully done and for which this clause grants them standing to do. In fact there are enumerable reasons why there is no default on the part of Plaintiff, one that is relevant here is what is alleged at paragraph 10 that says that "Defendants alleged 'principal' has been paid (in full or in part) due to third party payers." Further, at paragraph 16, it follows up on this saying: "It is specifically alleged that payment has been made by some third party payer that should inure to the benefit of Plaintiff" which is not being allowed if the motion to dismiss is granted. It goes on to says

PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS

that "Even if some doubt exists as to who should get the benefit of these payments, as between the Defendants and Plaintiff, Plaintiff has the superior equity and comes to this Court with clean hands." Therefore, there is no default under these circumstances and Plaintiff has the right to press on. In addition as is clear, there are other rights Plaintiff can assert to prevent Defendant from pressing a default under the security, not the least of which that these defendants are not authorized, have no privity, and the statute of limitations time bars them from acting at this time.

**b.      The First And Second Causes Of Action State FDCPA Claims**

The main thing that Defendants assert to avoid their responsibility under the FDCPA, is to assert they are not debt collectors. This cannot possibly be true. For one thing, Exhibit 31 (referenced at paragraph 27 of the Complaint) tells the reader otherwise and it is authored by one of the Defendants. This exhibit says at page two, at the very end, that SPS is a debt collector. At page one, it is trying to collect $1,499,053.94 and gives the number out to obtain the final amount due. Surely, there is no issue that SPS is a debt collector and engaged in debt collecting activity when it writes this letter to Plaintiff and says what it says there, and does what it did in pursuing Ms. Saterbak. This is just one of enumerable similar documents and activities alleged at paragraph 36-76 about SPS being a debt collector engaged as a debt collector against Ms. Saterbak doing debt collecting activities.

The case against NDSC is stronger because NDSC is an agent for SPS, and is the company that follows up on the debt collection activities for SPS in the letters mentioned above and it is therefore in furtherance of the same activity. In addition, in one of many exhibits alleged, at Exhibit 21, (referenced at ¶81 of the Complaint at issue), and dated September 15, 2014. Exhibit 31, SPS wrote to Plaintiff and claimed at the end that "This writing is an attempt to collect a debt …." It is submitted in conjunction with SPS's debt collection efforts that implicate both SPS

PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS

and NCSC.  In this case NDSC came on the scene after the alleged default and is clearly obligated for any improper activities that it may commit under FDCPA.

### c.    The Third Causes of Action for cancellation is sufficient

The relevant conveyance documents that are requested to be cancelled are the Deed of Trust and the assignment.  ¶ 124.  They are attached to the Complaint as Exhibit 59, also referenced at ¶ 8 of the Complaint, filed in at Dkt 1-4, pg 15 (Defendants Exhibit A), and the assignment ( Exhibit 12) to the Complaint referenced at ¶ 22(2) in the Complaint. The Complaint alleges specifically that said documents are unenforceable for all sorts of specific reasons, not the least of which is the company purported to obtain the security did not and does not exist, ¶124;concealment of the real party in interest, ¶ 123; ownership possessed by defunct and shell companies ,¶ 127;  lack of any legitimate holder of the security,¶ 127; ownership or possession by companies not registered to do business in California ( such as to ABC and MERS), ¶ 31(a), & 24. The facts outlined in detail above and in the complaint support the facts.

To suggest no injury occurred is arrogance and ignorance on the part of the opposing parties.  To leave a lien on the property with the above problems is a cloud on title, which constitutes injury.  Leaving these documents as titled documents at the hall of records on property allows the 'Wolves of Wall Street' to continue to victimize Plaintiff and to speculate using her property leaving her and her property open to continual harassment by parties that are speculators and have no real authority and privity.  Also, a homeowner experiences real harm when a party with no interest in the debt forecloses because the homeowner has lost her home to the wrong party and is deprived of the opportunity to explore options with the true debt owner.

PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS

Cancelling the lien and related documents do not excuse any underlying alleged debt, it just clears the cloud emanating from the lien (coming from the defective Deed of Trust-the faulty security).

### d. The Fourth Cause of Action For Both Fraud And Deceit Are Sufficient

Defendants keep failing to accept they have no legitimate predecessor in the chain of title because, as described above, and in more detail in the complaint, no one perfected a valid lien on the property as the Deed of Trust does not identify any legitimate company in existence to hold it for one. Once that is established, the fraud is SPS and NDSC coming into the picture with no valid authority and masquerading as representing the true owner when they knew or should have known they had no such authority nor the ability to offer modification when they or their principal have no such authority. The elements of fraud have each been alleged by way of ¶¶ 132, 133. Also the way Defendant recently handled the alleged loan modification (in 2014 through May of 2015) was deceptive and fraudulent. SPS in conjunction with NDSC were pursuing foreclosure at a time it was supposed to be giving Plaintiff an honest and fair review and possible proposal about how this alleged loan could be reduced or restructured to allow some relief for the homeowner short of litigation. Defendants never carried through on the above and commenced foreclosure while claiming to be considering them for a loan modification and supposedly engaged in a process relating to that. Plaintiff seeks the assistance of this federal court – because there is no way they can participate in a settlement a la loan modification while under threat of being foreclosed upon. Defendants should not have allowed themselves to handle a loan modification proposal for Plaintiff while pursuing foreclosure against Plaintiff. Defendants cannot do both. This was either negligent or fraud and deceit on the part of Defendants.

PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS

Plaintiff has specifically alleged Reliance in ¶ 135 and 137 and that includes Plaintiff being lulled into loan modification programs that caused Plaintiff grief and caused her to lose money. There is no excuse for this and the horror these Defendants are causing by wrongfully commencing notice of sale and foreclosure proceedings against Plaintiff without proper authority. And then to pretend they can authorize a loan modification at the same time when they cannot, is unconscionable. This kind of activity justifies punitive damages.

e. **The Fifth Cause of Action For Wrongful Foreclosure Is Sufficient**

Defendants devote two sentences to this cause of action based upon the unfounded belief that Plaintiff has not alleged an improper assignment. It is hard to believe, Defendants can say that if they read ¶ 22. It is also summarized above in section (a) and throughout this brief. The deceit associated with it is outlined in section (d) above. It need not be repeated just because Defendants either do not read or refuse to appreciate what has been alleged. They cannot truly expect to prevail on a motion to dismiss with only two sentences. *Barrionnuevo v. Chase Bank* (N.D. Cal. 2012), 885 F. Supp. 2d 964, 972) supports this cause of action and allow a borrower to challenge a non-debt owner who "wrongfully forecloses. Wrongful foreclosure is when there is a foreclosure on a deed of trust to which it is not the beneficiary. A plaintiff may properly assert that only a true owner can bring to completion a non-judicial foreclosure under California law. Plaintiff can bring a wrongful foreclosure action challenging that conduct. See *Barrionnuevo* at p. 972. And that is especially the case here where the deed of trust and the assignment are void *Ab initio*.

f. **The Sixth Cause of Action for Declaratory Relief Is "Viable"**

Assuming Plaintiff is correct, and it is her facts that are to be accepted at this stage in the proceedings, which is the law, then she deserves the right to seek

declaratory relief on the points set forth in her cause of action. Tough and uncertain issues may be addressed by declaratory relief and that includes Defendants' rights under the instruments discussed in detail, their standing, and the Statute of Limitations.

Realize, this is not the first group to enter this controversy and claim a color of right that went nowhere. EMC, and J. P. Morgan Chase are two examples of prior parties that tried to assert similar claims as these defendants. Eventually these parties dropped to the wayside, but that did no good for Plaintiff when Defendants came on the scene- thus the need for declaratory relief. She needs declaratory relief to prevent newcomer speculators from continuing this pattern of false claims or deception by doing what defendants and/or their principal are doing now, claiming a right they do not have. Again, the issue is not Plaintiff's standing, but Defendants standing and authority to act against Plaintiff's property rights and beyond the statute of limitations.

Defendant does not even address the source of the authority that gives Plaintiff, and the public in general the right to bring declaratory relief in the federal system pursuant to Fed. R. of Civ. P. at Rule 57 and 28. U.S.C. 2201. Defendant cites *Gomes* for the proposition that Plaintiff does not have standing but that assumes their version of the facts, which cannot be emphasized enough is not permitted at this stage in the proceedings. Plus, this case clause 22 of the Deed of Trust, noted before specifically gives Plaintiff the contractual right between the parties to seek this relief. Quite frankly under Plaintiff's version of the facts, there has never been a case quite like this one, and it really puts the onus on Defendants to show their privity and authority to this property, not the other way around. This case is unique and different than Defendants cases cited because as discussed above,

PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS

Defendants rights to security was never properly perfected and any assignment of it was defective from the beginning. [2]

Defendants ignore some key cases and rely heavily on the *Gomes Case.* One of the key cases, Defendants ignores is the well known Glaski case [3] and its progeny.[4] The *Gomes* case and the other cases cited by Defendant are just not applicable to a situation like this, where as a matter of law, no valid existing entity existed at the time to be able to acquire the security interest under the deed of trust. Plaintiff does not need to rely on securitization at all to shield and deflect Defendants' assaults against their complaint and to justify declaratory relief because the defect of title happened right off before any conveyance to a securitized trust occurred. But even if it did, the rationale behind the cases Defendants cite are completely suspect. Cases cited by Defendants are based upon the belief that homeowners or borrowers do not have standing to challenge securitization because they are not a party to the securitization process. That is false, again assuming Plaintiffs facts as pled and at Exhibit 88 of the Comptroller's Handbook referenced at ¶ 22(p), there is the allegation supported by a publication from the Comptroller of the Currency that Borrowers, like Plaintiffs, are in fact deemed parties to the

---

[2] It gets worse for Defendants when the above mentioned assignment is analyzed. It contains over seven major irregularities any one can be grounds for finding invalidity. With so many defects such an assignment is likely to be found void if not fraudulent. These are additional reasons why declaratory relief is warranted.

[3] See *Glaski v. Bank of America,* (2013) 218 Cal. App. 4th 1079.

[4] The basic principle-that only a true debt owner or its agent has lawful authority to foreclose-has long been recognized in California law, (See e.g. , Sanens v. Los Angeles Finance Co (1949) 91 Ca App.2d 197, 202[the trust deed is a mere incident of the debt and could only be foreclosed by the owner of the note;" Dimock v. Emerald Properties LLC (2002) 81 Cal App 4th 686, 875 [interpreting non-judicial foreclosure statutes to codify existing law prior to 1935, which permits only the recorded trustee to foreclose at a given time]. This flows from the concept that the debt (ie., a promissory note) and the security interest (i.e., the deed of trust) are interconnected instruments that function and mover together. See, §2936 which reads " The assignment of a debt secured by a mortgage [deed of trust] carries with it the security."

securitized chain.    Defendants do not even deal with this and the Glaski case cited in the complaint.

Defendants also seem to forget that under California law, when a securitized investment trust is involved, the party claiming the benefit of it or an assignment from it, has the burden to prove the validity of that assignment and their authority under and through it.  Numerous cases stand "for the general principle that the party asserting a right under an assigned instrument bears the burden of demonstrating the assignment." *Fontenot v. Wells Fargo Bank,* 198 Cal.App.4th 256, 270 (2011), *citing Neptune Society Corp. v. Longanecker,* 194 Cal.App.3d 1233, 1242 (1987).  *Neptune Society*, in turn, relied on the California  Court's opinion in *Cockerell v. Title Ins. & Trust Co.,* 42 Cal.2d 284, 292 (1954), where the Court held:

> The burden of proving an assignment falls upon the party asserting rights thereunder. In an action by an assignee to enforce an assigned right, the evidence must not only be sufficient to establish the fact of assignment when the fact is in issue [citation] but the measure of sufficiency requires that the evidence of assignment be clear and positive to protect an obligor from any further claim by the primary oblige. (Citations omitted.)

California Courts have never disowned *Cockerell* and it remains controlling law.  Under *Cockerell,* the Defendant must first demonstrate it holds beneficiary rights to Saterbak's alleged loan pursuant to a valid transfer.  Saterbak does not have that burden.  It is Defendants that must prove they have standing to enforce the Deed of Trust at least at this point to get passed a motion to dismiss.  Putting Defendants on notice is all that is required under Federal Notice pleading standards at this stage in the proceedings.  And Defendants have shown their on notice by the fact that they have been able to raise this argument they have here.

**g.**    **The Seventh Cause of Action for Interference With Contract And Prospective Business Relations Is Sufficient.**

PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS

Initially the position taken by Defendants is that they engaged in no wrongful act and that Plaintiff "all but" conceded Defendants' right to interfere because of Plaintiff's admission of that they have not paid on the loan since 2008. See Defendants' motion at pg 14-15. But that is conceding the element that Defendants, in fact, did interfere based upon justification. That is an argument for summary judgment.  As discussed above, Plaintiff's version of the facts control at this stage, and Plaintiff's version is based upon Defendants acting intentionally without proper authority to do so and without privity.   Defendants go on in a sentence to challenge the third party contract (and later the prospective economic advantage interfered with) and proximate cause, but the discussion is contradictory to their other admissions,  and too shallow or not convincing because they completely fail to be specific as to what they are talking about that fails in the allegations of the complaint, or what is lacking as far as Plaintiffs allegations or lack thereof. As such, it does not invite much of a reply, other than reference back to the complaint.   And to the contrary, Plaintiff does outline the existing contracts she has maintaining her house and lists the fact that Defendants actions are preventing her from resolving the lien issues with the real funder or its beneficiary.   These are valid contracts or economic advantages, that have been interfered with that qualify for a claim for interference with contract or interference with prospective economic advantage.

### h.     The Eighth Cause of Action for Rescission Is Proper

Defendants' brief discussion contesting this cause of action is too superficial to permit much of an adequate reply.   The fact of the matter is that rescission is a viable option in cases like this where equity and fairness are pled and are at issue. Also, it is particularly compelling in a case like this where it is alleged that the major parties to the transaction were not registered to do business as alleged at ¶163 and throughout the complaint.  Plaintiff evokes equity in ¶¶ 4 & 8 of the complaint and

PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS

14 other times throughout the complaint and rescission is an appropriate viable equitable remedy under the circumstances of this case and what is alleged. Also, an equitable claim is never time barred where the conduct is ongoing as here and arose out of fraud that was not discoverable until later in time. This requires factual development that is not appropriate for a motion to dismiss.

### i.    The Ninth Cause Of Action For Violation Of Deceptive Trade Practice Act Is Sufficient.

The only basis for the reason given for dismissing this cause of action is that it is based upon Utah law. In other words, Defendants challenge the applicability of applying Utah law to this case. Utah law applies as to SPS which is located in Utah and governs its conduct which conduct emanates from Utah and committed all the wrongful acts there. ¶3. Utah law is the applicable law regulating conduct of SPS as a Utah company doing acts prohibited by Utah, in Utah. SPS is therefore bound to follow the law where ever regardless if the ultimate act hurt persons and properties elsewhere. There is no doubt that Utah is the headquarters, the place of its principal business location and the place of incorporation. See ¶ 3 of the complaint for the allegations to this effect.

### j.    The Tenth Cause of Action For Injunctive Or Equitable Relief Is Appropriate.

Defendants' asserts California does not recognize injunction relief as a cause of action because it is only a remedy. But Plaintiff's tenth cause of action is based upon Fed. R. of Civ. P. Rule 65 and a cause of action based in equity. Plaintiff are seeking relief under this section and it should be allowed to stand. Further as will be seen, California in recent legislation provides for injunctive relief in homeowner foreclosure situations. See Cal. Civ. Code See Cal. Civ. Code §2924.12(a). The

PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS

rights are in addition to any other rights out there according to that law. See §2924.12(h). The court should let this cause of action stand.

k. **The Eleventh Cause Of Action For California Homeowner's Bill Of Rights Is Sufficient.**

This cause of action alleges the statutory requirements and Defendants breaches. It is a viable cause of action. The main point, other than that Defendants wants more facts( that it is not required) and can be resolved by setting forth their own affirmative defense if it deems appropriate, is that there is no liability where there has not been the recordation of a trustee's deed upon sale, citing to Civ. Code 2924.12(c). However this is not a valid factor as it is alleged in ¶ 197 that "Defendants' recorded the Notice of Sale on March 26, 2015 while Plaintiff's completed application was pending in violation of Civ. Code §2923.6(c). This should be sufficient to withstand a motion to dismiss as to this point. This also overcomes Defendants suggestion that the matter is not ripe. All one has to do is to re- read this cause of action to appreciate the present predicament and wrong Defendants created by not acting on the loan modification for months after Plaintiff had submitted a completed loan application and see that Defendants were not recognizing that or engaging in good faith settlement, but proceeding to process the foreclosure by maintaining its filing of its notice of sale. Plaintiff alleged that this was occurring as late as May of 2015 necessitating this legal action to protect Plaintiff and her property. Just in case the statutory cause of action fails, Plaintiff alleges negligence on Defendants on pursuing these duel but irreconcilable tracks.

l. **The Twelfth (Regulation X of RESPA and Regulation Z of TILA),Thirteenth (Violation of 12 C.F.R. §1024.36(d)(2)(B)), Fourteenth (Violation of 12 C.F.R.§1024.36(d)(a)(i)(ii)), Fifteenth (Violation of 12 C.F.R.**

PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS

**§1024.36(c)(3), Sixteenth (Violation of 12 C.F.R. §1026.3), and Seventeenth (Violation of 12 C.F.R. §1024.35(e)(1)(A)) Causes of Action are sufficient.**

Again, Defendant hardly addresses these causes of action and bundles them up to the point it makes it practically impossible to know how and what to respond to. Also, taken literally, the only thing being challenged is the applicability of the causes of action as against NSDC, but no details are given so as to allow Plaintiff a proper opportunity, or give proper notice, to know how to respond. Later it suggests Plaintiff has not provided contextual facts to support the claim, but again no specifics are given as to what facts are missing, and the cause of action actually includes the letters as exhibits which gives much of the detail to the cause of action which is not addressed by the Defendants. Plaintiff directs the reader to the exhibits for information that might be deemed lacking as they are the primary documents. It is hard to believe how anything could be better than that as for as back up detail if any is thought missing.

Next, Defendants suggest that without cases supporting liability for trustees being liable under RESPA and TILA and regulation X and Z, the claim fails. Defendants assert that failure to respond to RFI (Request for Information also referred to as Qualified Request for Information (QRI)) does not render them liable especially as a Trustee under an appointment of a Deed of Trust. The statute and regulations cover servicer functions. Defendants have taken on servicer functions. See 28 USC § 2605 (c). In this case, the Trustee is not the original Trustee but the a self-appointed one under the auspices of SPS, the self-proclaimed new servicer using NDSC, as its agent, the new players on the scene, the players without authority or privity to Plaintiff's property. Together they are assuming servicer roles and are liable as such. It is their roles and function that controls, not what they say. See Exhibit 63, and note that this document was going to be used by JP Morgan Chase

PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS

before NDSC stepped into its shoes as the recording party, and JP Morgan Chase backed out of this case as servicer, and SPS and NDSC came in. For additional statutes that specifically impose liability for not answering servicing questions, see 12 CFR § 1024.36.   See, also Regulation Z of TILA.

Next, Defendants contest the sufficiency of allegations related to their pecuniary loss and actual loss claims but they again fail to read the numerous allegations of facts relating to enumerable areas of pecuniary losses like ¶¶ 249, 254, 257, 261, 264, and 270.   Defendants also fail to recognize this is an area, that of damages, that are commonly resolved by the trier of fact as long as damages are reasonably alleged which they are at ¶¶ 249, 254, 257, 261, 264, and 270.   Such losses include attorney fees, costs, expenses, copying, postage, statutory damages and where applicable punitive damages associated with Plaintiff demanding information and wanting errors corrected.   Contrary to Defendants' view, a plaintiff, even one in default, suffers real harm when a party without the right to do so forecloses on a person's home. This alone is enough to justify statutory damages.

Next, Defendants say Plaintiffs cannot obtain statutory damages where no allegations of pattern or practice of noncompliance with RESPA is alleged. It states the complaint does not allege such a thing.   But such a pattern is alleged in ¶¶ 201, 257 254, and 281 and elsewhere.  Causes of action that come later incorporate these allegations.  Therefore, there is no lack of allegations of pattern and this issue should be resolved in favor of Plaintiff.

Lastly, there is a suggestion that regulation Z does not apply unless the "offering or extension of credit is done regularly."  Defendants claim not to be the lender.  This is not the case or the law. The law says a party steps into the shoes of the lender, and this would be an example of open ended credit or revolving credit which meets the definition of being regularly extending credit because it is due each

month, and builds up if not paid. Nonetheless, this is all irrelevant because Plaintiffs main charge has to do with RESPA, not TILA violations which is not so limited.

m.    **The Eighteenth Cause Of Action For Negligence Is sufficient.**

**Negligence**

The many areas of negligence listed in ¶272 are fair game in a case like this when so many transgressions have occurred. The issues of duty are alleged and can be applied against servicers in certain situations of which this is such a case. See Baikanja v. Irving (1958) 49 Ca. 2d 647 and *Jolley v. Chase Home Finance, LLC* (2013) 213 Cal.App.4th 872, 902. "[e]ven when the lender is acting as a conventional lender, the no-duty rule is only a general rule." *Id.* at 901. *Id.* at 900. In circumstances surrounding certain aspects of loaning money such as foreclosure and trustee sales, lenders do owe a duty of care to lenders. See *Jolley*, supra, 213 Cal.App.4th at 906. There are new statutory duties relating to this area of law the impose duties on entities like Defendants. For example, California has imposed protections that create duties applicable to this case in the Homeowners Bill of Rights (HBOR). These include (1) restrictions against "duel track" foreclosure, which prohibits mortgage servicers from advancing the foreclosure process when a loan modification is underway ( § 2923.6), (2) a requirement that lending institutions provide a single point of contract for the homeowner (§2923.7), and (3) a requirement that loan servicers have reviewed "competent and reliable evidence" of default prior to initiating foreclosure, i.e. an anti-robosigning protection (§2924.17).

The facts relating to causation and damages have been discussed above and are, again, not grounds for dismissal as these are factual intensive issues not appropriate for dismissal at the motion to dismiss stage. Defendants' position only has merit if their interpretation of the facts are allowed. At this stage in the proceedings this is not allowed. As noted above, the facts are to be viewed and interpreted in light most favorable to Plaintiff. Plaintiff has already set forth her version of the facts above

PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS

and at the eleventh cause of action which are incorporated by reference as though fully set forth here and provide additional support for a claim of negligence where a statutory cause of action might fail.

Again, foremost on the list of negligence is Defendant SPS's action in taking in an application to modify the terms of an alleged loan and not being able to process it properly or know what the other hand was doing which was pursuing a foreclosure in derogation of what a good faith loan modification would allow. If that was not negligent enough, SPS in conjunction with NDSC, was pursuing non-judicial foreclosure at a time they were supposed to be giving Plaintiff an honest and fair review of the situation. They cannot do both. They did not and this was either negligence, fraud and/or deceit.

### n. The Nineteenth Cause Of Action For Violations Of Business And Professions Code 17200 Is Sufficient.

Again, this challenge centers around the Plaintiff's rights to obtain an injunction for wrongful business practices. The impropriety and wrongfulness of Defendants practices have been set forth above and justify the kind of situations presented here. All that is required is an unfair, unlawful, and or fraudulent business act or practice. There are many of those things here, and they are listed at ¶279, and declared actionable at ¶¶ 281 through 284. There is causation and damages for the same reason as discussed above. These have all been discussed and supported above. There is no reason to prematurely dismiss this cause of action. It is spot on if the truth of the Plaintiff's allegations are accepted, as they must be at this stage of the proceedings. Other assertions made by Defendants to challenge this complaint are too vague to respond to.

### o. The Twentieth Cause Of Action For Demand For Accounting Is Appropriate.

PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS

Accounting is appropriate here where there is dispute as to the amount due where so many inconsistent billings and conflicting letters went out. Plaintiffs have no confidence that Defendants are calculating the alleged account correctly when Defendants do not come up with the same amount each time they do it, and /or where Defendants cannot obtain a consistent amount. This calls for an accounting and it is in the power of the court to grant it through this cause of action or by using its general equitable powers. This cause of action should, therefore, be allowed to remain but also may be subsumed in her request for declaratory relief discussed above.

p.    **The Twenty-First Cause Of Action For Violation Of 11 U.S.C. Section 1691(D)(1) Is Sufficient**

Plaintiff has alleged the elements of the statute precisely. Defendant suggests additional elements are required citing two cases that do not deal with the statute at issue, namely 11 USC §1691 (d) (1), or are unpublished, and do not meet the procedural requirements for consideration.

Defendants' claim Plaintiffs' complaint does not allege necessary facts like what is suggested that she is in a protected class, that she was qualified for credit, and that she was wrongfully denied. But this statute goes to the failure to provide a written reason for adverse action within 30 days of a completed credit application for credit. Plaintiff in seeking a final remedy sees her situation of one where she is applying for credit with SPS. Therefore, SPS's failure to supply the information in the time required by law leaves Defendants open to the damages as specified and requested. However, these are not challenged in the motion to dismiss, so they will not be addressed.

PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS

### III. CONCLUSION

For all of the above reasons, the motion to dismiss should be denied for each and every cause of action.

MURRIN LAW FIRM

Dated: July 6, 2015                              /s/  J. Owen Murrin

_____
J. Owen Murrin (SBN 75329)
Attorney for Plaintiff

PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS