1 WRIGHT, FINLAY & ZAK, LLP
Gwen H. Ribar, Esq., SBN 188024
James J. Ramos, Esq., SBN 252916
4665 MacArthur Court, Suite 280
Newport Beach, CA 92660
Tel. (949) 477-5050; Fax (949) 477-9200

Attorney for Defendant,
SELECT PORTFOLIO SERVICING, INC. and NATIONAL DEFAULT SERVICING CORPORATION

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA D. SATERBAK, | Case No.: 3:15-cv-00956-WQH-NLS |
| | *Assigned to the Honorable William Q. Hayes* |
| Plaintiff, | |
| v. | **REPLY OF DEFENDANTS TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS COMPLAINT** |
| NATIONAL DEFAULT SERVICING CORPORATION; and SELECT PORTFOLIO SERVICING, INC., and DOES 1-XXX | |
| | Date: July 20, 2015 |
| | Ctrm.: 14B |
| Defendants. | |
| | **NO ORAL ARUGMENT UNLESS DIRECTED BY THE COURT** |

**TO THIS HONORABLE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD, IF ANY:**

-1-
NOTICE OF MOTION AND MOTION TO DISMISS

## I. INTRODUCTION

Plaintiff's Opposition focuses primarily on what she believes the law *should* be. To that end, Plaintiff reasons that she *should* be allowed to pursue legal action to determine whether her lender has standing to foreclose and that she *should* enjoy the right to challenge whether her loan was properly assigned. But, unfortunately for Plaintiff, what she believes should be the case runs contrary to what *is* the actual law in California. In California, it is the comprehensive and exhaustive regulatory scheme set forth in Civil Code Sections 2924 – 2924i which govern non-judicial foreclosures, not Plaintiff's own self-serving notion as to what *should be* required. The California Court of Appeal has made very clear that the legislative framework that is actually in place does not afford a defaulted borrower the right to file a lawsuit seeking to determine whether the person initiating the foreclosure has standing to do so. *Gomes v. Countrywide Home Loans, Inc.,* (2011) 192 Cal.App.4th 1149, 1155. It has likewise found that a borrower in default lacks both standing and the requisite injury in fact to challenge an assignment. With the Court of Appeal on their side, Defendants need not jump through Plaintiff's manufactured hoops in order to initiate a non-judicial foreclosure against a $1M property that has been in default since 2008.

The facts of this case are not nearly as complex as Plaintiff would like this Court to believe. Quite simply, Plaintiff received a $1M loan in 2007, defaulted on the loan in 2008, and now, after 7 – years of free living, is suing on the grounds that she has somehow been damaged. But, none of the claims alleged contain facts upon which relief may be granted. As such, the Motion to Dismiss should be sustained without leave to amend.

## II. ARGUMENT

**A. <u>The Entire Complaint Remains Flawed.</u>**

1. <u>Plaintiff Not Entitled to Hide Behind Mere Legal Conclusions.</u>

REPLY TO OPPOSITION TO MOTION TO DISMISS COMPLAINT

1   While it is true that the Court, when ruling on a Motion to Dismiss, must accept all facts as true, there is no requirement that the Court accept mere conclusions of law. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  As addressed in the Motion to Dismiss (yet all but ignored by Plaintiff in her Opposition), the Complaint is devoid of any actual facts.  Plaintiff's convenient conclusions that "the rights under the deed of trust were never perfected", that Defendant lacks standing to foreclose, etc., are all mere conclusions of law which this Court is free to disregard.  For this reason alone, the bulk of Plaintiff's Complaint should be dismissed.

2. <u>Plaintiff Lacks Standing to Challenge the Securitization, Lacks the Requisite Prejudice, and Her Reliance on *Glaski* is Unavailing.</u>

Plaintiff continues to ignore what the California Court of Appeal continues to confirm: a defaulted borrower lacks standing to challenge the securitization of his loan. *Jenkins v. JP Morgan Chase Bank, N.A.*, (2013) 216 Cal.App.4th 497, 515; *Boyce v. T.D. Service Company*, (2015) 235 Cal.App.4th 429, 437; *Kan v. Guild Mortgage Co.* (2014) 230 Cal.App.4th 736, 744-745; See also *Siligia v. Mortgage Electronic Registration Systems, Inc.*, (2013) 219 Cal.App.4th 75, 85.

What also seems lost on Plaintiff is that, even if she had standing to raise such a challenge, the fact remains that she could not, as a matter of law, have suffered any redressable harm arising from the assignment because her loan obligations remained unchanged. *Fontenot v. Wells Fargo Bank, N.A.,* (2011) 198 Cal.App.4th 256, 269-282; *Jenkins, supra,* 216 Cal.App.4th at p.515; *Boyce, supra,* 235 Cal.App.4th at p. 437.

Hoping to avoid the ever-growing mountain of substantive law highlighted above (and in greater detail in Defendants' Motion to Dismiss), Plaintiff predictably turns to the super-minority opinion of *Glaski v. Bank of America*. Yet, Plaintiff's reliance is wholly misplaced, as *Glaski* represents the only Appellate opinion to date which holds that a borrower could potentially have standing to

challenge the securitization process. As discussed above, the overwhelming majority holds that a borrower lacks standing to challenge a pooling & servicing agreement to which he was not a party (and which did not result in altering his obligations on the underlying loan). In fact, the *Glaski* opinion has proven to be such an outlier from the predominant line of law, that one District Court went so far as to note that "[u]ntil either the California Supreme Court, the Ninth Circuit, or other appellate courts follow *Glaski*, this Court will continue to follow the majority rule."[1] *Snell v. Deutsche Bank Nat. Trust Co.*, 2014 WL 325147, at *4 (E.D.Cal. Jan.29, 2014). Even the Ninth Circuit Bankruptcy Appellate Panel has found that such securitization arguments are simply not viable. *See In re Nordeen*, 2013 WL 4042618, *6-9 (B.A.P. 9th Cir. Aug. 9, 2013).

3. <u>Plaintiff's Focus on Section 22 of the Deed of Trust is Misplaced.</u>

Plaintiff curiously looks to Section 22 of the Deed of Trust, which allows for the borrower to "bring a court action to assert the non-existence of default."[2] Of course, Plaintiff's express admission that she *is* in default and has been for the last eight years renders this provision wholly irrelevant.

Furthermore, as stressed in greater detail in the Motion to Dismiss, the premise of Plaintiff's theory (that her loan was improperly assigned and, thus, she is invulnerable to foreclosure) amounts to little more than a conclusion of law. In the absence of any actual facts to support such a conclusion, it is hardly sufficient to state a viable Cause of Action anyway.

Finally, Plaintiff's transparent attempt to deprive her lender of its right to a quick and efficient remedy (after she admittedly defaulted on the terms of her loan) in the form of a nonjudicial foreclosure sale is nothing novel. To the contrary, this same argument has been expressly rejected by the Court of Appeal. Indeed, just as Plaintiff attempts to do here, the borrower-plaintiff in *Gomes*

---

[1] In fairness, *Glaski* is indirectly under review by the California Supreme Court now in the case of *Yvanova v. New Century Mortgage Corporation* (2014) formerly 226 Cal.App.4th 495.

REPLY TO OPPOSITION TO MOTION TO DISMISS COMPLAINT

sought "to impose the additional requirement that MERS demonstrate in court that it is authorized to initiate a foreclosure." *Gomes v. Countrywide*, (2011) 192 Cal.App. 4th 1149, 1154, fn.5. But, the court there was quick to point out that "such a requirement would be inconsistent with the policy behind nonjudicial foreclosure of providing a quick, inexpensive and efficient remedy." *Id*. The *Gomes* Court went so far as to hold that "[t]he recognition of the right to bring a lawsuit to determine a nominee's authorization to proceed with foreclosure on behalf of the noteholder would fundamentally undermine the nonjudicial nature of the process and introduce the possibility of lawsuits filed solely for the purpose of delaying valid foreclosures." *Id.* at 1155.

### B. The First and Second Causes of Action for Violation of FDCPA Remain Flawed.

1. The Underlying Theory of Liability is Fatally Flawed.

Each and every one of Plaintiff's counts under the FDCPA necessarily relies on Plaintiff's theory that the loan was improperly assigned (and, thus, Defendants acted improperly by contacting Plaintiff). But, as noted above, such a premise is unsupported by any actual facts and is further contradicted by the prevailing body of authority. And, since the foundation of Plaintiff's claims is insufficient, so, too are the claims, themselves.

2. Defendants are Not Debt Collectors Anyway.

As discussed in greater detail in Defendant's Motion to Dismiss (yet largely ignored by Plaintiff), loan servicers are generally not considered debt collectors for purposes of the FDCPA. *Wood v. Greenberry Financial Services, Inc*., 907 F.Supp.2d 1165, 1182-1183 (2012), disapproved on other grounds; See also *Lyons v. Bank of America, N.A.*, 2011 WL 3607608, at *12 (N.D.Cal. Aug 15, 2011); *Radford v. Wells Fargo Bank*, 2011 WL 1833020, at *15 (D.Haw. May 13, 2011); *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985); *Nool v. HomeQ*

---

[2] See Plaintiff's Opposition, Page 9.

-4-
REPLY TO OPPOSITION TO MOTION TO DISMISS COMPLAINT

*Servicing*, 653 F.Supp.2d 1047, 1052-53 (E.D. Cal. 2009); *Carillo v. CitiMortgage, Inc.*, No. CV 09-02404 AHM, 2009 WL 3233534, *4 (C.D. Cal. Sept. 30, 2009).

Similarly, the mere act of sending foreclosure sale notices does not constitute debt collection under the FDCPA. *Pfeifer v. Countrywide Home Loans, Inc*. (2012) 211 Cal.App.4th 1250, 1263-1264; *Gonzalez v. CNA Foreclosure Service, Inc*. (S.D.Cal.2011) 2011 L 2580681, *3.

### C. The Third Cause of Action for Cancellation Remains Flawed.

Plaintiff's various theories as to why the Deed of Trust she signed (as part of a transaction in which she received $1,000,000.00) is invalid are hardly specific and, not surprisingly, are devoid of any actual facts substantiating them.

Furthermore, Plaintiff's claim that she has been harmed by the recordation of a security instrument she signed with the expectation of it being recorded is absurd. The same can be said of Plaintiff's feigned outrage as to the foreclosure. After all, Plaintiff voluntarily pledged the Property as security and specifically agreed to allow it to be sold upon her default. The fact that it *is* being sold upon her admitted default does not constitute any harm.

### D. The Fourth Cause of Action for Fraud and Deceit Remains Flawed.

Plaintiff includes no actual facts to show that Defendants misrepresented their authority to initiate foreclosure.

Plaintiff also fails to allege any detrimental reliance. Nor can she, as she readily admits that she currently occupies the Property without having made any payments since 2008.

Not surprisingly, Plaintiff fails to include any of the who, what, when, how details required in order to specifically plead a viable claim under Fed. Rules. Civ. Proc. Rule 9(b). But, as noted above, Plaintiff's allegations are anything but specific, as they amount to little more than Plaintiff's own unsupported conclusions of law.

-5-
REPLY TO OPPOSITION TO MOTION TO DISMISS COMPLAINT

### E. The Fifth Cause of Action for Wrongful Foreclosure Remains Flawed.

Plaintiff's conclusion that Defendants lacks standing and/or that the Deed of Trust and assignment are void are impermissibly speculative.

### F. The Sixth Cause of Action for Declaratory Relief Remains Flawed.

Quite simply, the exhaustive statutory scheme regulating nonjudicial foreclosures does not afford the borrower the right to bring a judicial action to determine whether the person initiating the foreclosure process is indeed authorized. *Gomes v. Countrywide Home Loans, Inc.,* (2011) 192 Cal.App.4th 1149, 1155.

Plaintiff laughably argues that "there has never been a case quite like this one", perhaps forgetting that *Jenkins, Kan,* and *Boyce* all quite literally featured the very same theories of liability. *Jenkins, supra*; *Boyce, supra; Kan, supra.* She also turns to *Glaski*. But, as discussed at greater length above, the Court should disregard *Glaski* in favor of the predominant line of authority.

Finally, Plaintiff's attempt to show that Defendants owe an affirmative duty to prove the assignment is enforceable (before they can foreclose) misses the boat. A more careful reading of Plaintiff's own authority confirms that such a proposition pertains to a party in an action to collect on an assigned debt, not one who initiates a nonjudicial foreclosure. *Fontenot v. Wells Fargo*, (2011) 198 Cal.App.4th 256, 261. Rather, the correct rule to be applied is the one from *Gomes* (as addressed above and as Plaintiff's own authority acknowledges). *Id.* at 477.

### G. The Seventh Cause of Action for Interference with Contract and Prospective Business Relations Remains Flawed.

Any foreclosure activity cannot be considered unlawful or unjustifiable interference because (1) Plaintiff's anti-securitization theory is entirely bogus; (2) a foreclosure was warranted given Plaintiff's admission that she had not made a mortgage payment in over seven years.

### H. The Eighth Cause of Action for Rescission Remains Flawed.

In an attempt to avoid having to return the $1M in proceeds she admittedly received before proceeding with her claim for Rescission, Plaintiff ironically appeals to "equity and fairness"[3]. Yet, in order to obtain equity, Plaintiff must first do equity herself by returning the loan proceeds.

Plaintiff's contention that the four year statute of limitations should be tolled because the "fraud was not discoverable until later in time" is belied by her prior admission that she "discovered she was dealing with an "illusory" lender and an impotent servicer" in or around 2008.[4] Accordingly, this excuse must be disregarded.

### I. The Ninth Cause of Action for Violation of Deceptive Trade Practices Act Remains Flawed.

The Utah statute relied upon by Plaintiff has no application to the case at bar because the parties agreed to be governed by California law.[5]

More importantly, of course, the conclusions on which this claim is based are all insufficient (as explained in greater detail above).

### J. The Tenth Cause of Action for Injunctive Relief Remains Flawed.

Even if Plaintiff's FDCPA allegations prove true, the requested relief is not available under FDCPA. Rather, injunctive relief is only available to the Federal Trade Commission under the FDCPA. 15 U.S.C. §1692l.

### K. The Eleventh Cause of Action for California Homeowner's Bill of Rights Remains Flawed.

Civil Code §2924.12(c) of HBOR specifically absolves servicers and trustees of all liability where they have corrected the alleged violation before the foreclosure. Given Plaintiff's concessions that her application for a modification is pending[6], her claim for Violation of Civil Code §2923.6 is not ripe to be heard.

---

[3] See Plaintiff's Opposition, Page 17.
[4] Compare Page 18 to Page 3 of Plaintiff's Opposition
[5] See ¶16 of Deed of Trust, attached as Exhibit "A" to Request for Judicial Notice filed concurrently with Defendants' Motion to Dismiss.
[6] See Plaintiff's Complaint, ¶¶189-192.

**L. The Twelfth (Regulation X of RESPA and Regulation Z of TILA), Thirteenth (Violation of 12 C.F.R. §1024.36(d)(2)(B)), Fourteenth (Violation of 12 C.F.R. §1024.36(d)(a)(i)(ii)), Fifteenth (Violation of 12 C.F.R. §1024.36(c)(3), Sixteenth (Violation of 12 C.F.R. §1026.3), and Seventeenth (Violation of 12 C.F.R. §1024.35(e)(1)(A)) Causes of Action Each Lack Sufficient Facts.**

1. These Claims Fail as Against NDSC.

Plaintiff does not allege *any* facts in the Complaint as against NDSC in any of the aforementioned Causes of Action. Plaintiff does not allege any facts or law in her Opposition to support her brand new theory that NDSC engaged in "servicer functions" and can, thus, be held liable under any of these statutes either.

2. No Actual Damages Suffered.

A borrower may not recover actual damages under RESPA for nonpecuniary losses. *Allen v. United Fin. Mortg. Corp.,* 660 F.Supp.2d 1089, 1097–98 (N.D.Cal.2009); *Shepherd v. Am. Home Mortg. Servs., Inc.,* No. 2:09–1916, 2009 WL 4505925, at *3; *Fullmer v. JPMorgan Chase Bank,* No. 2:09–cv–1037, 2010 WL 95206, at *6 (E.D.Cal. Jan.6, 2010). Even a cursory review of the pleadings is enough to confirm that Plaintiff has not suffered any actual damages here. A trier of fact is not needed to determine that Plaintiff's alleged damage in the form of copying costs, postage fees, and attorney's fees are outweighed by her admitted 7-year free occupancy of the $1M home.

Furthermore, Plaintiff should well know that her premise that "a plaintiff…in default…suffers real harm when a party without the right to do so forecloses on a person's home…"[7] is incorrect. After all, she need only read through her own handpicked authority for confirmation that a borrower challenging the validity of an assignment of her loan is not a victim in such a scenario. *Fontenot v. Wells Fargo Bank, N.A.,* (2011) 198 Cal.App.4th 256, 269-

---

[7] See Plaintiff's Opposition, Page 21.

REPLY TO OPPOSITION TO MOTION TO DISMISS COMPLAINT

282. This is because Plaintiff's loan obligations remain unchanged. *Id.*; *Jenkins v. JP Morgan Chase Bank, N.A.*, (2013) 216 Cal.App.4th 497, 515; See also *Boyce, supra,* 235 Cal.App.4th at p.437. As such, these claims fail for lack of damages.

3. <u>No Statutory Damages.</u>

Plaintiff's mere conclusion that Defendants engaged in a pattern or practice of noncompliance is hardly sufficient, as it is unaccompanied by any actual supporting facts. As stressed ad nauseam above, Plaintiff's own conclusions are hardly sufficient to state a valid claim.

**M. The Eighteenth Cause of Action for Negligence Lacks Sufficient Facts.**

Plaintiff offers no facts to show that an exception should be applied to the general rule that no duty is owed. *Nymark v. Heart Fed. Savings & Loan Assn.*, (1991) 231 Cal.App.3d.1089, 1096.

Plaintiff's "facts" in support of the alleged breach trace back to her faulty *Glaski* theories and, thus, are insufficient to support this claim for the reasons discussed above and in Defendants' Motion to Dismiss.

Finally, as explained in greater depth above, Plaintiff has not suffered any harm. To the contrary, she has experienced nothing but a windfall since she stopped paying her loan payments only one year after she obtained the $1M loan in question.

**N. The Nineteenth Cause of Action for Violation of Business & Professions Code §17200 Lacks Sufficient Facts.**

There is no injury in fact here. Even if, as Plaintiff insists, her loan was improperly assigned, the fact remains that her underlying obligations remained the same. Accordingly, Plaintiff is no victim. *Jenkins, supra*, 216 Cal.App.4th at p.515; *Boyce, supra,* 235 Cal.App.4th at p.437; *Herrera v. Federal Nat. Mortg. Assn.*, (2012) 205 Cal.App.4th 1495, 1508; *Fontenot, supra,* 198 Cal.App.4th at p. 269-270.

**O. The Twentieth Cause of Action for Demand for Accounting Lacks Sufficient Facts.**

Plaintiff is not owed any balance and, therefore, is not entitled to any accounting.

### P. The Twenty-First Cause of Action for Violation of 11 U.S.C. §1691(d)(1) Lacks Sufficient Facts.

"Section 1691 provides that it is unlawful for any creditor to discriminate against any applicant with respect to any aspect of a credit transaction on the basis of race, color, religion, national origin, sex or marital status, or age." *Hafiz v. Greenpoint Mortgage Funding, Inc.*, 652 F.Supp.2d 1039, 1044 (N.D.Cal.2009). Quite simply, Plaintiff's quest to prolong her free occupancy at the subject property beyond the eight years she has already enjoyed has nothing to do with the discrimination and, thus, is outside the scope of such protections.

Notwithstanding the above, Plaintiff fails to allege any facts showing she is a member of a protected class, that she qualified for the credit for which she supposedly applied, and/or that she was wrongfully denied. *Harvey v. Bank of America, N.A.* (N.D. Cal. 2012) 906 F.Supp.2d 982, 990-91.

Finally, as with the entirety of Plaintiff's Complaint, this claim fails because she has not suffered any redressable harm. Accordingly, this claim should be dismissed.

## III. CONCLUSION

In light of the above, Defendants respectfully request that the Court grant their Motion to Dismiss the Complaint, without leave to amend.

Respectfully submitted,

WRIGHT, FINLAY & ZAK, LLP

Dated: July 10, 2015   By:   */s/ James J. Ramos*
Gwen H. Ribar, Esq.
James J. Ramos, Esq.
Attorneys for Defendants, SELECT PORTFOLIO SERVICING, INC. and NATIONAL DEFAULT SERVICING CORPORATION