1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10

LAURA D. SATERBAK,

CASE NO. 15cv956-WQH-BGS

11

Plaintiff,

ORDER

v.

12

NATIONAL DEFAULT SERVICING
CORPORATION; SELECT
PORTFOLIO SERVICING, INC.; J.P.
MORGAN CHASE BANK, N.A.;
SECURITIZED ASSET
MANAGEMENT II, INC; and DOES
1-10,

13
14
15
16

Defendant.

17

HAYES, Judge:

18

The matter before the Court is the motion to dismiss filed by Defendant

19

Securitized Asset Management II, Inc.  (ECF No. 56).

20

**I. Procedural Background**

21

On April 29, 2015, Plaintiff Laura D. Saterbak initiated this action by filing a

22

Complaint against Defendants Select Portfolio Servicing, Inc. ("SPS") and National

23

Default Servicing Corporation ("NDSC").  (ECF No. 1).  The Court dismissed the

24

Complaint as to both Defendants for failure to state a claim.  (ECF No. 12).

25

On January 18, 2016, Plaintiff filed the amended complaint against Defendants

26

SPS, NDSC, JP Morgan Chase Bank, N.A. ("Chase"), and Securitized Asset

27
28

Management II, Inc. ("SAMI")[1]. (ECF No. 24). Plaintiff's amended complaint alleges twenty-three causes of action, of which twelve are specifically alleged against SAMI: (1) invalidity of contracts for violation of Civil Codes §§ 1549, 1550, 1558, 1598 against all Defendants; (2) Cancellation of Instruments against all Defendants; (3) Rescission based upon voidable contract against all Defendants; (4) Declaratory Relief against all Defendants; (7) Fraud and Deceit against all Defendants; (8) Interference with Contract and Prospective Business Relations against all Defendants; (10) Injunctive or Equitable Relief against all Defendants; (11) violation of the California Homeowner's Bill of Rights against all Defendants; (18) negligence as to all Defendants; (19) violations of Business and Professions Code § 17200 against all Defendants; (20) Demand for Accounting against all Defendants; (22) RICO and Civil Conspiracy against all Defendants; (23) Slander of Title against all Defendants.[2]

On February 10, 2016, Defendants SPS and NDSC filed a motion to dismiss the amended complaint. (ECF No. 25). On April 8, 2016, Chase filed a motion to dismiss the amended complaint. (ECF No. 36). On August 22, 2016, the Court dismissed the amended complaint with prejudice as to Defendants SPS, NDSC, and Chase. (ECF No. 45). The Court determined that the doctrine of res judicata barred Plaintiff's amended complaint against Defendant Chase due to the prior action in state court, *Saterbak v. JPMorgan Chase Bank*, N.A., 245 Cal.App.4th 808 (2016). In this prior action, the Court of Appeal for the Fourth Appellate District affirmed the judgment of the Superior Court that Plaintiff lacked standing to challenge the assignment of the deed of trust. In its prior Order, this Court found that in both the prior state court action and the instant action "the underlying remedy Plaintiff seeks is the same —a court order protecting Plaintiff's home from foreclosure by invalidating the instruments through which

---

[1] On May 10, 2016, Plaintiff filed an amended notice of errata. (ECF No. 41). The notice states that the caption of the amended complaint incorrectly named "Securitized Asset Management II, Inc." as a defendant; the correct name of Defendant is "Structured Asset Mortgage Investments II, Inc." *Id.*

[2] The causes of action not listed were alleged only against other Defendants and have been dismissed with prejudice.

Plaintiff's mortgage loan originated and was transferred." (ECF No. 45 at 11). The Court found that res judicata barred Plaintiff's claims against Defendant Chase in the amended complaint. The Court also concluded that Plaintiff failed to state a claim for the causes of action alleged against the Defendants SPS and NDSC due to insufficient factual allegations, lack of standing and statutes of limitations for various claims. (ECF No. 45 at 11).

On August 11, 2016, the Court issued an Order stating that proof of service of the amended complaint had not been filed for Defendant SAMI. (ECF No. 44). The Court stated, "This Order constitutes notice to Plaintiff that the Court will dismiss this action against [SAMI] without prejudice on August 31, 2016 unless, no later than that date, Plaintiff filed either (1) proof that service of the summons and complaint was timely effectuated or (2) a declaration under penalty of perjury showing good cause for failure to timely effect service upon the Defendant accompanied by a motion for leave to serve process outside of the 90 day period." (ECF No. 44 at 1-2). On September 1, 2016, Plaintiff filed a "Declaration of Good Cause for Failure to Timely Effect Service on Defendant [SAMI]." (ECF No. 46). On September 1, 2016, Plaintiff filed a declaration of service stating that Defendant SAMI was served on September 1, 2016. (ECF No. 47). On September 6, 2016, the Court issued an Order stating, "At this stage in the proceedings, the case will remain open. This Order does not constitute a finding of good cause for failure to timely effectuate service." (ECF No. 48).

On September 14, 2016, Plaintiff filed a notice of appeal to the United States Court of Appeals for the Ninth Circuit from the Court's August 22, 2016 Order granting the motions to dismiss filed by NDS and SPS, and Chase. (ECF No. 49).

On September 23, 2016, the United States Court of Appeals for the Ninth Circuit issued an order stating, "It appears that the district court's order challenged in this appeal may not have disposed of the action as to all claims and all parties. Within 21 days after the date of this order, the appellant shall move for voluntary dismissal of this appeal or show cause why it should not be dismissed for lack of jurisdiction." (ECF

1   No. 52).

2         On October 25, 2016, the United States Court of Appeals issued an order stating,

3   "A review of the file in this case reveals that counsel has failed to perfect the appeal as

4   prescribed by the Federal Rules of Appellate Procedure.  Pursuant to Ninth Circuit Rule

5   42-1, this appeal is dismissed for failure to respond to the order of this court dated

6   September 23, 2016. . . . This order served on the district court shall constitute the

7   mandate of this court."  (ECF No. 53).

8         On November 1, 2016, Plaintiff filed a motion for entry of default judgment

9   against SAMI pursuant to Rule 55 of the Federal Rules of Civil Procedure.[3]  (ECF No.

10   55).

11         On November 1, 2016, SAMI filed a motion to dismiss the first amended

12   complaint with prejudice.  (ECF No. 56).  On November 21, 2016, Plaintiff filed a

13   response.  (ECF No. 61).  On November 28, 2016, SAMI filed a reply.  (ECF No. 62).

14         On December 20, 2016, Plaintiff filed a "Motion for Order" requesting that the

15   Court issue an order on the motion to dismiss.  (ECF No. 63).

16   **II. Allegations of the Complaint**

17         "4826 Mount Helix Dr., La Mesa, California . . . was acquired by way of a Grant

18   Deed dated April 30, 2007."  (ECF No. 24 at ¶ 12).  Plaintiff alleges that both the Note

19   and Deed of Trust dated May 24, 2007 and identifying ABC as Lender are void ab initio

20   and not enforceable as to Plaintiff.  *Id.* at ¶ 57.  "Plaintiff entered a financial transaction

21   whereas ABC represented to be the 'lender' but in fact, ABC is a nonexistent entity."

22   *Id.* ¶ 14.  Plaintiff alleges that "neither ABC nor SAMI were/are listed under the

23   [MERS'] member search" and there is "no agency or executory agreement between

24   MERSCorp" and SAMI or ABC.  *Id.* at ¶ 15.  "Plaintiff alleges that ABC was used to

25   conceal the real creditor funding the loan and the MERS ID used was for American

26   _____

27       [3] Plaintiff contends that SAMI was served on September 1, 2016 and SAMI failed
to appear, plead, or otherwise defend within the time allowed.  In light of the fact that

28   this Court was without jurisdiction for a period of time due to the Notice of Appeal filed
by Plaintiff on September 14, 2016, the Court denies the motion for entry of default
judgment.  *See* Fed. R. Civ. P. 55.

Home Mortgage Holding, Inc., a separate legal entity from American Home Mortgage and ABC . . . to conceal the true creditor . . . ." *Id.* at ¶ 18.  Plaintiff alleges that "said concealment resulted in what HUD classifies as a table funded loan." *Id.*  "Plaintiff alleges ABC concealed the Note was intended to be the basis of security investment under UCC 8 and therefore there was no meeting of the minds." *Id.* at ¶ 54.

Plaintiff alleges that "in addition to table funding the loan, ABC, AHM, MERS and SAMI conspired to convert the federally regulated real transaction under UCC 9 to a risky security investment under UCC 8 without notice or consent by Plaintiff." *Id.* at ¶ 19.  "As a result of this conversion . . . . [t]he ARM [sic] Note and Deed of Trust fail to identify the real parties to the transaction or the true nature of the transaction therefore, Plaintiff alleges there was no real meeting of the minds." *Id.* at ¶ 20.  "Plaintiff alleges the sole purpose of the Deed of Trust is to enforce payment of the Note, though the Note was the result of an unfair and deceptive business practice of table funding.  Plaintiff alleges that pursuant to Civ. Code § 1598 the Deed of Trust is not enforceable as to Plaintiff." *Id.* at ¶ 21.  Plaintiff alleges that there are "defects in the chain of title of the entity carrying the financing . . . because the original lender, ABC was not a viable, legal entity capable of contracting; and MERS was not its nominee, or agent, and neither ABC nor MERS were registered to do business in California when the Note  and [Deed of Trust] were executed." *Id.* at ¶ 36.  Plaintiff alleges, "Therefore the Deed of Trust recorded on June 1, 2007, as the underlying authority for this foreclosure is a nullity at the option of Plaintiff, which she elects to void with the assistance of the court." *Id.*  Plaintiff alleges that, "Even if the above is not voided or set aside, the subsequent attempt to assign the [Deed of Trust] as an Assignment of Deed of Trust . . . is fraught with error and cannot be deemed a valid transfer." *Id.*  Plaintiff alleges a number of specific defects with the Assignment of the Deed of Trust ("ADOT").  *Id.*  With regard to SAMI, Plaintiff alleges  "[SAMI] . . . appears to be acting as the 'depositor' of the Structured Asset Management II Trust Series Trust 2007-AR Mortgage Pass through Certificates 2007-AR7 ('SAMI Trust')

. . . who allegedly deposited the loan into the SAMI Trust." *Id.* at ¶ 5.  Plaintiff alleges that "the ADOT wrongfully alleges that MERS on behalf of ABC and its 'successor and assigns' is transferring interest in the Deed of Trust the SAMI II Trust and its trustee . . . . Further, MERS had no authority as it was not an agent of ABC or of SAMI, the alleged 'depositor' for the SAMI II Trust." *Id.* at ¶¶ 341-342.

Plaintiff alleges

> the actions of the Defendants jointly and severally continue to cause her personal economic harm, in addition to jeopardizing her business relationship with other third parties, slandering her credit histories with false and misrepresentative information; thus depriving her of an income or the quiet enjoyment of her property.  Said conduct of Defendants tortuously interferes with her business affairs and relations with third parties by and through their actions as debt collectors.

*Id.* ¶ 29. Plaintiff alleges,

> Further, the issues creating this controversy involve an alleged indebtedness that is not present and for which she should be exonerated or spared from foreclosure at this time.  It is specifically alleged that payment has been made by some third party party that should inure to the benefit of Plaintiff, which is not being considered.  Even if some doubt exists as to who should get the benefit of these payments, as between the Defendants and the Plaintiff, Plaintiff has the superior equity and comes to this Court with clean hands.

*Id.* at ¶ 30.    Plaintiff alleges, "The actions of the Defendants, jointly and severally, now constitute an imminent threat to the Plaintiff's possession of the property. . ." *Id.* at ¶ 31.

## III. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  Federal Rule of Civil Procedure 8(a) provides that "[a] pleading that states a claim for relief must contain . . .  a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'

requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)).  When considering a motion to dismiss, a court must accept as true all "well-pleaded factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  However, a court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (internal quotation marks omitted).

## IV. Request for Judicial Notice

"As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).  However, there are "two exceptions to the requirement that consideration of extrinsic evidence converts a 12(b)(6) motion to a summary judgment motion."  *Id*.  First, Federal Rule of Evidence 201 provides that "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it . . .  is generally known within the trial court's territorial jurisdiction; or . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed R. Evid. 201(b).  "[U]nder Fed.R.Evid. 201, a court may take judicial notice of 'matters of public record.'"  *Lee*, 250 F.3d at 689 (quoting *Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir.1986)).  Second, under the doctrine of incorporation by reference, "[a] district court ruling on a motion to dismiss may consider documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleadings." *Parrino v. FHP, Inc*., 146 F.3d 699, 705 (9th Cir. 1998) (internal quotation marks omitted).

SAMI requests judicial notice of the Deed of Trust (Exhibit A), the Notice of Default and Election to Sell Under Deed of Trust (Exhibit B), the Corporate Assignment of Deed of Trust (Exhibit C), the Notice of Trustee's Sale (Exhibit D), the California Court of Appeal Opinion in *Saterbak v. JP Morgan Chase Bank*, N.A., 245 Cal. App. 4th 808 (2016) (Exhibit E), the First Amended Complaint filed in the *Saterbak* state court action (Exhibit F), the Memorandum of Point and Authorities in Support of Chase's Demurrer for Plaintiff's First Amended Complaint in the *Saterbak* state court action (Exhibit G), the notice of entry of judgment of dismissal (Exhibit H). (ECF No. 56-1). The Court takes judicial notice of these exhibits as matters of public record which are not subject to reasonable dispute over their authenticity. *See* Fed R. Evid. 201(b); *Lee*, 250 F.3d at 690; *Harris v. Cty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) ("We may take judicial notice of undisputed matters of public record . . . including documents on file in federal or state courts.").

**V. Collateral Estoppel**

SAMI contends that the doctrine of collateral estoppel bars Plaintiff's claims because issues related to the allegedly void assignment of the deed of trust were litigated in a prior action in Superior Court of the County of San Diego through Defendant Chase's demurrers to the original and first amended complaints. (ECF No. 56 at 7). SAMI contends that both the prior action and the instant action are predicated on allegations that the assignment of the deed of trust was void as a result of problems with the securitization of Plaintiff's loan. SAMI asserts that the Superior Court sustained the demurrer without leave to amend and the appellate court affirmed the Superior Court's order. *Id.* at 7-8. SAMI contends that Plaintiff's actions remain barred by the doctrine of collateral estoppel even assuming Plaintiff raises new allegations or names new parties. *Id.* at 8. SAMI contends that Plaintiff concedes that her claims should be dismissed on collateral estoppel grounds because Plaintiff fails to address the argument in her response to SAMI's motion to dismiss. (ECF No. 62 at 7-8).

Plaintiff does not specifically address SAMI's collateral estoppel argument in her opposition to the motion to dismiss. Plaintiff requests that the Court deny the motion to dismiss and "grant leave for the Plaintiff to motion to bring back all defendants who are seeking to collect on the loan - in any manner - back into the litigation."[4] (ECF No. 61 at 21).

A judgment "shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken." 28 U.S.C. § 1738. "Under 28 U.S.C. § 1738, a federal court generally is required to consider first the law of the State in which the judgment was rendered to determine its preclusive effect." *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 376 (1985). Accordingly, the Court applies California law to determine if collateral estoppel bars Plaintiff's action against SAMI. *See Palomar Mobilehome Park Ass'n v. City of San Marcos*, 989 F.2d 362, 364 (9th Cir. 1993).

"Collateral estoppel, or issue preclusion, precludes the relitigation of issues argued and decided in prior proceedings." *Kerner v. Superior Court*, 141 Cal. Rptr. 3d 504, 535 (Cal. Ct. App. 2012) (citing *Hernandez v. City of Pomona,* 207 P.3d 506, 513 (2009)). "For purposes of issue preclusion . . . an 'issue' includes any legal theory or factual matter which could have been asserted in support of or in opposition to the issue which was litigated." *Border Bus. Park, Inc. v. City of San Diego*, 49 Cal. Rptr. 3d 259, 281 (Cal. Ct. App. 2006). For collateral estoppel to apply and bar an issue from being litigated, the following "threshold requirements" must be met:

> First, the issue sought to be precluded from relitigation must be identical to that decided in a former proceeding. Second, this issue must have been actually litigated in the former proceeding. Third, it must have been necessarily decided in the former proceeding. Fourth, the decision in the former proceeding must be final and on the merits. Finally, the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding.

---

[4] Defendants SPS and NDSC and Chase have been dismissed from this action with prejudice. (ECF No. 44).

*Hernandez,* 46 Cal. 4th at 511 (quoting *Lucido v. Superior Court,* 795 P.2d 1223, 1225 (1990)). "The 'identical issue' requirement addresses whether 'identical factual allegations' are at stake in the two proceedings, not whether the ultimate issues or dispositions are the same." *Kerner*, 141 Cal. Rptr. 3d at 536. Collateral estoppel has the "dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation." *Border Bus. Park, Inc.,* 49 Cal. Rptr. 3d at 279.

The Court takes judicial notice of the opinion of the California Court of Appeal in the prior state court action, *Saterbak v. JPMorgan Chase Bank*, N.A., 245 Cal. App. 4th 808 (Cal. Ct. App. 2016). In the prior action, Plaintiff asserted a claim for cancellation of written instrument and requested declaratory relief.

> Saterbak claim[ed] the assignment of the deed of trust (DOT) to her home by Mortgage Electronic Registration Systems, Inc. (MERS), to Structured Asset Mortgage Investment II Trust 2007-AR7 (2007-AR7 trust or Defendant) was invalid. Arguing the assignment occurred after the closing date for the 2007-AR7 trust and that the signature on the instrument was forged or robo-signed, she [sought] to cancel the assignment and obtain declaratory relief.

(ECF No. 56-6 at 6). After Defendant Chase demurred, the Superior Court found that Plaintiff lacked standing to challenge the assignment but granted Plaintiff leave to amend. Plaintiff filed an amended complaint which asserted the same causes of action "premised on the same theories of untimely securitization of the DOT and robo-signing." *Id.* Defendant Chase demurred and the Superior Court sustained the demurrer without leave to amend, concluding that there was no possibility Plaintiff could remedy the standing deficiencies of her complaint. The Superior Court entered judgment for Defendant Chase in August 2014 and Plaintiff timely appealed. The Court of Appeal for the Fourth Appellate District affirmed the judgment of the Superior Court and concluded that Plaintiff lacked standing to challenge the MERS assignment of the Deed of Trust to the 2007-AR7 Trust.

To determine whether collateral estoppel precludes litigation of issues related to the assignment of the deed of trust, the Court looks to whether the threshold

requirements for collateral estoppel are satisfied.  First, the issue sought to be precluded from litigation is an identical issue decided in the prior state action.  In the state action, Plaintiff sought cancellation of her deed of trust on the grounds that the  assignment of the deed of trust was invalid.   Following Chase's demurrers, the Superior Court determined that Plaintiff lacked standing to challenge the assignment of the deed of trust.   SAMI now seeks to preclude Plaintiff's claims in the instant action that assignment of the deed of trust was void.  The Court concludes that Plaintiff asserted the same issue regarding an invalid assignment of the trust in the prior state action.[5] The remaining threshold requirements for collateral estoppel are also satisfied.  The decision in the state court action was necessary, final, and on the merits.  Defendant Chase filed two demurrers.  The trial court sustained the first demurrer with leave to amend and the second without leave to amend and stated its specific grounds for the decision.  *See Palomar Mobilehome Park Ass'n*, 989 F.2d at 364 ("In California, a judgment entered after the sustaining of a general demurrer is a judgment on the merits.");  *Border Bus. Park, Inc.,* 1565, 49 Cal. Rptr. 3d at 280.  The Court of Appeal for the Fourth Appellate District affirmed the order on the specific grounds that Saterbak lacked standing to challenge the assignment of the deed of trust.  SAMI satisfies the final factor that the party against whom preclusion is sought be the same as or in privity with the party to the former proceeding because Saterbak was the plaintiff in both the state court action and the instant action. The Court concludes that the doctrine of collateral estoppel bars Plaintiff from relitigating the issue of the allegedly void assignment.  Plaintiff's claims fail to the extent that they are predicated

_____

[5] In its two prior Orders granting motions to dismiss, this Court concluded that Plaintiff lacks standing to challenge the assignment of the loan.  The Orders rely on *Jenkins v. JPMorgan Chase Bank, N.A.*, 216 Cal. App. 4th 497 (2013) to conclude that "a borrower who was not a party to the assignment cannot preempt a nonjudicial foreclosure." (ECF No. 45 at 12). The Court's most recent Order dismissing the claims against Chase, SPS, and NDSC with prejudice states, "On the same grounds discussed in the Court's Order dismissing the original Complaint, the Court finds that Plaintiff lacks standing to challenge the assignment of the Deed of Trust because a foreclosure has not yet occurred." (ECF No. 45 at 12-13; *see also* ECF No. 12 at 10).  Thus, this Court has independently determined that Plaintiff lacks standing to challenge the assignment in two separate orders.

on allegations that the assignment of the deed of trust is void.

## VI. Failure to Timely Serve

SAMI contends that Plaintiff's amended complaint must be dismissed pursuant to Rule 4(m) because Plaintiff failed to serve SAMI within 90 days of filing the amended complaint. (ECF No. 56 at 6). SAMI contends that Plaintiff fails to demonstrate good cause for the untimeliness because "good cause requires more than a showing of simple inadvertence, mistake of counsel or ignorance of the Rules of Civil Procedure." *Id.* Plaintiff contends that service as to SAMI was proper. (ECF No. 61 at 21). Plaintiff contends "Defendants themselves were confused, as Citibank initially reached out to Plaintiff's counsel to meet and confer on a motion to dismiss. Upon recognition that SAMI was in fact the defendant, Citibank withdrew from the meet and confer discussions; then SAMI filed a motion to dismiss." *Id.*

Rule 4(m) of the Federal Rules of Civil Procedure provides,

> If a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against the defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). "Courts have discretion under Rule 4(m), absent a showing of good cause, to extend the time for service or to dismiss the action without prejudice." *In re Sheehan*, 253 F.3d 507, 513 (9th Cir. 2001).

Plaintiff filed the amended complaint naming SAMI as a defendant on January 18, 2016. Pursuant to Rule 4(m), Plaintiff was required to serve SAMI by April 17, 2016. Plaintiff did not serve SAMI until September 1, 2016 and Plaintiff did not file a motion for leave to serve process outside of the 90 day period as required by the Court's August 11, 2016 Order. Plaintiff's declaration filed on September 1, 2016 stated that counsel's office inadvertently thought SAMI had already been served and that the office took appropriate steps to have SAMI served following the Court's August 11, 2016 Order. In the subsequent Order allowing the case to stay open this

Court expressly stated, "This Order does not constitute a finding of good cause for failure to timely effectuate service." (ECF No. 48). SAMI provides authority that inadvertence of counsel does not qualify as good cause for a failure to effectuate service of process. *See Wei v. State of Hawaii*, 763 F.2d 370, 372 (9th Cir. 1985). In the opposition to the motion to dismiss, Plaintiff does not contend or provide any authority to support a finding that she had good cause for the untimely service. The Court concludes that Plaintiff fails to demonstrate good cause for failing to serve SAMI until nearly nine months after the amended complaint was filed.

## VII. Failure to State A Claim

SAMI contends that Plaintiff's amended complaint "consists entirely of conclusory and vague allegations which fail to apprise SAMI of any specific factual basis for the causes of action asserted against it." (ECF No. 56 at 8). SAMI contends that Plaintiff's allegations relate to loan origination conduct and to the "purportedly botched securitization of her loan and assignment of the deed of trust." *Id.* SAMI contends that the amended complaint does not allege that SAMI was involved in the loan origination and does not allege any wrongdoing or misconduct by SAMI with regard to the assignment. *Id.* at 9.

Plaintiff does not specifically address this argument but does contend that SAMI's motion should be denied. (ECF No. 61 at 7). Plaintiff contends, "SAMI is the alleged purchaser of the Subject Loan and was required by federal law to transfer the loan, along with the contracts, to the REMIC Trust. There is no evidence that SAMI did in fact purchase the loan much less transfer the loan and contracts to any other entity." *Id.* at 11. Plaintiff contends, "SAMI has had an ongoing commitment to purchase the loans being generated by its sister companies—arguably, SAMI participated in the table funding by funding the transaction." *Id.* at 13. Plaintiff contends that the predatory loan is void and no party has the right to seek collection on the loan or any rights to enforce it against her. *Id.* at 12. Plaintiff contends

SAMI was part of the scheme to originate and securitize the loans. It cannot escape the fact that as part of the Bear Stearns Companies, the

1

2

3

predatory practices of its sister companies, which it sought to financially benefit from, were influenced and funded by SAMI's alleged 'sale' of the predatory loans.  Turning a blind eye does not relieve SAMI of its role in violating the Bus. & Prof. Codes and it is liable for its participation.

*Id.* at 19.

4

5

6

7

8

9

10

11

Plaintiff's claims as to SAMI are predicated on the allegations that (1) the Note and Deed of Trust are void ab initio and not enforceable as to Plaintiff and (2) the assignment of the Deed of Trust was improper.  In the amended complaint, Plaintiff alleges that SAMI "is a Delaware corporation and appears to be acting as the 'depositor' of the Structured Asset Management II Trust Series Trust 2007-AR Mortgage Pass through Certificates 2007-AR7 ("SAMI Trust") and who allegedly deposited the loan into the SAMI Trust." (ECF No. 24 at ¶ 5).  The SAMI Trust was allegedly transferred the interest in the Assignment of the Deed of Trust.  *Id.* at ¶¶ 341-342.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

Plaintiff's causes of action against SAMI relying on the alleged void assignment of trust fail.  The doctrine of collateral estoppel precludes Plaintiff from relitigating issues regarding the assignment of the deed of trust because the Superior Court in the prior state action conclusively determined that Plaintiff lacked standing to challenge the assignment of the deed of trust.  Accordingly, in order to state a plausible claim for relief as to any of the causes of action, Plaintiff must allege facts sufficient to support a plausible inference that SAMI is liable for the allegedly improper loan origination. Plaintiff's opposition to SAMI's motion to dismiss advances an argument that SAMI was part of the scheme to originate and securitize a predatory loan as part of a group of Bear Stearns sister companies.[6]  The amended complaint does not allege facts sufficient to support a theory of liability under which SAMI is liable for any wrongdoing in connection with the origination of the Note and Deed of Trust.  Beyond the insufficient allegations as to SAMI's involvement in the allegedly void Note and Deed of Trust and Assignment of the Deed of Trust, the amended complaint contains no other factual allegations of wrongdoing specific to SAMI.  The Court concludes that the amended

28

---

[6] Plaintiff's opposition to the motion to dismiss also states that there is no evidence that SAMI purchased or transferred the loan. (ECF No. 61 at 11).

complaint lacks sufficient facts to support a cognizable legal theory as to any of the causes of action alleged against SAMI.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

**VIII.  Conclusion**

IT IS HEREBY ORDERED that the motion to dismiss the first amended complaint filed by Defendant SAMI is GRANTED.  (ECF No. 56).  Plaintiff's claims against Defendant SAMI are dismissed with prejudice.

IT IS FURTHER ORDERED that the Motion for Order (ECF No. 63) is denied as moot in light of the Court's instant Order.

IT IS FURTHER ORDERED that the Motion for Entry of Default (ECF No. 55) is DENIED**.**

DATED:  January 19, 2017

**WILLIAM Q. HAYES**
United States District Judge